UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>LEONARDO DELGADO<br>　　　　　　　　　　　　Defendant,<br>JORGE ALVAREZ<br>　　　　　　　　　　　　Petitioner. | Case No. 3:22-cr-030-ART-CLB<br><br>Order on Petition for Forfeited Assets, ECF No. 35 |

**I.　SUMMARY**

Before the Court is a Petition for Forfeited Assets (ECF No. 35) filed by Petitioner Jorge Alvarez to secure the return of his desktop computer that was seized in connection with Case 3:22-cr-030-ART-CLB. The Government filed a Motion to dismiss the Petition. (ECF No. 40.) Because the Court agrees with the Government that it lacks subject matter jurisdiction, the Court will dismiss the Petition.

**II.　BACKGROUND**

Alvarez alleges the following. He purchased the desktop, an ASUS Model GL10DH, Serial Number: CCPDKW00073853C, on April 3, 2021. (ECF No. 35 at 1.) The computer was seized during a search in connection with Case 3:22-cr-030-ART-CLB, and he is now seeking its return. (*Id.*) The Government responded that the Court lacks subject matter jurisdiction because Alvarez chose to file a Petition for Remission or Mitigation, which is an administrative petition, instead of a Petition for Ancillary Hearing. (ECF No. 40 at 3-4.)

1

### III. LEGAL STANDARD

Neither party can forfeit or waive subject matter jurisdiction. *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12 (h) (3); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (the court is obligated consider sua sponte whether it has subject matter jurisdiction). The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028-29 (9th Cir. 2023) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

A party may challenge subject matter jurisdiction by filing a 12(b)(1) motion. *See* Fed. R. Civ. P. 12(b)(1). This attack "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "Ordinarily, where a jurisdictional issue is separable from the merits of a case, the court may determine jurisdiction by the standards of a Rule 12(b)(1) motion to dismiss for lack of jurisdiction." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### IV. DISCUSSION

Third parties have two options for recovering forfeited property. If the party wants a judicial hearing, he or she must file a Petition for Ancillary Hearing within thirty days of the final publication of notice or his receipt of notice, whichever is earlier. 21 U.S.C. § 853(n)(3). The third party petitioner can instead file a Petition for Remission or Mitigation within thirty days of receiving notice for administrative resolution of the forfeiture. 39 C.F.R. § 9.3(a).

This court lacks subject matter jurisdiction because Alvarez did not properly invoke this Court's jurisdiction. Alvarez filed a Petition for Remission or Mitigation instead of a Petition for Ancillary Hearing. (ECF No. 35.) Thus, this Court cannot consider Alvarez's petition, and he must wait for administrative resolution of his petition.

**V.    CONCLUSION**

It is therefore ordered that Petitioner's Petition for Forfeited Assets (ECF No. 35) is dismissed and the Government's motion to dismiss the petition (ECF No. 40) is granted.

DATED THIS 5th day of December 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE